UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL S. FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:11-CV-00571-M-DLM |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., | ) |
| BANK UNITED, FSB and FEDERAL | ) |
| NATIONAL MORTGAGE | ) |
| ASSOCIATION | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants BankUnited, FSB ("BankUnited"), and Federal National Mortgage Association ("Fannie Mae," collectively the "Defendants") file this answer to the Complaint filed by Plaintiff Michael Ford (the "Plaintiff").

## THE PARTIES

1. Defendants are without knowledge or information sufficient to respond to the allegations set forth in the first sentence of paragraph 1. Accordingly, denied. Defendants admit the allegations set forth in the second sentence of paragraph 1.

2. Defendants admit that Mortgage Electronic Registration Systems, Inc. ("MERS") has a business address in Flint, Michigan. Defendants state that MERS is identified in the mortgage as the mortgagee and nominee for BankUnited and its successors and assigns. Defendants admit that MERS assigned the mortgage to Fannie Mae.

3. Defendants admit that BankUnited had a mailing address of 7515 NW 148 Street,

1

Miami Lakes, FL. Defendants admit that BankUnited was identified in the mortgage as the "Lender."

4. Defendants deny the allegations set forth in the first sentence of paragraph 4. Defendants admit that Fannie Mae is the mortgagee and can exercise the statutory power of sale. Further answering, Defendants deny that the mortgage has been foreclosed.

## JURISDICTION

5. Paragraph 5 sets forth a legal conclusion to which no response is required.

6. Paragraph 6 sets forth a legal conclusion to which no response is required.

7. Paragraph 7 (including all subparts) sets forth a legal conclusion to which no response is required.

## FACTS

8. Defendants state that the allegations set forth in paragraph 8 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 8 are inconsistent with the written document, those allegations are denied.

9. Defendants state that the allegations set forth in paragraph 9 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 9 are inconsistent with the written document, those allegations are denied.

10. Defendants admit that on or about May 13, 2011, Robin Bryant ("Bryant"), an Assistant Secretary of MERS, signed an assignment of mortgage to Fannie Mae. Defendants deny the allegations set forth in the second sentence of paragraph 10.

11. Defendants deny that Bryant was not an Assistant Secretary of MERS.

12. Denied.

13. Defendants admit that Green Tree Servicing LLC has an address in Maricopa County, AZ.

14. Defendants admit that MERS has a principal place of business located in Reston, Virginia and a business address in Flint, Michigan.

15. Defendants state that the allegations set forth in paragraph 15 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 15 are inconsistent with the written document, those allegations are denied.

16. Defendants state that the term "ordered" is vague and ambiguous and, therefore, they are unable to respond properly. Accordingly, denied.

17. Defendants state that the term "order" is vague and ambiguous and, therefore, they are unable to respond properly. Accordingly, denied.

18. Defendants state that the allegations set forth in paragraph 18 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 18 are inconsistent with the written document, those allegations are denied.

19. Defendants do not know what "referenced corporate resolution" Plaintiff is referring to and, therefore, are unable to respond properly. Accordingly, denied.

20. Paragraph 20 sets forth a legal conclusion to which no response is required.

21. Paragraph 21 sets forth a legal conclusion to which no response is required.

22. Denied.

23. Denied.

24. Defendants state that the allegations set forth in paragraph 24 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 24 are inconsistent with the written document, those allegations are denied.

25. Defendants state that the allegations set forth in paragraph 25 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 25 are inconsistent with the written document, those allegations are denied.

26. Paragraph 26 sets forth a legal conclusion to which no response is required.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendants state that the allegations set forth in paragraph 31 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 31 are inconsistent with the written document, those allegations are denied.

32. Defendants state that the allegations set forth in paragraph 32 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 32 are inconsistent with the written document, those allegations are denied.

33. Defendants state that the allegations set forth in paragraph 33 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 33 are inconsistent with the written document, those allegations are denied.

34. Defendants state that the allegations set forth in paragraph 34 refer to a written document whose terms speak for themselves. To the extent the allegations set forth in paragraph 34 are inconsistent with the written document, those allegations are denied.

35. Defendants admit that BankUnited did not invoke the statutory power of sale.

36. Defendants admit that BankUnited did not mail a notice of sale to the Plaintiff.

37. Defendants admit that BankUnited did not publish the notice of sale.

38.  Denied.

39.  Denied.

40.  Paragraph 40 sets forth a legal conclusion to which no response is required.

41.  Defendants admit that Fannie Mae is not defined as the "Lender" in the mortgage. Defendants deny the remainder of the allegations set forth in paragraph 41.

42.  Defendants admit that Fannie Mae is not defined as the "Lender" in the mortgage. Defendants deny the remainder of the allegations set forth in paragraph 42.

43.  Defendants admit that Fannie Mae is not defined as the "Lender" in the mortgage. Defendants deny the remainder of the allegations set forth in paragraph 43.

44.  Denied.

45.  Paragraph 45 sets forth a legal conclusion to which no response is required.

46.  Denied.

47.  Defendants admit that MERS currently lacks standing to foreclose the mortgage.

48.  Denied.

49.  Denied.

50.  Defendants state that the allegations set forth in paragraph 50 are vague and ambiguous and, therefore, Defendants are unable to respond properly. Accordingly, denied.

51.  Paragraph 51 sets forth a legal conclusion to which no response is required.

52.  Paragraph 52 sets forth a legal conclusion to which no response is required.

53.  Paragraph 53 sets forth a legal conclusion to which no response is required.

54.  Paragraph 54 sets forth a legal conclusion to which no response is required.

55.  Denied.

#1892725 104086/4

56. Defendants admit that BankUnited never transferred possession of or negotiated the promissory note to MERS. Otherwise, denied.

57. Denied.

58. Admitted.

59. Denied.

60. Defendants state that the allegations set forth in paragraph 60 are vague and ambiguous and, therefore, Defendants are unable to respond properly. Accordingly, denied.

61. Defendants state that the allegations set forth in paragraph 61 are vague and ambiguous and, therefore, Defendants are unable to respond properly. Accordingly, denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Defendants state that the allegations set forth in paragraph 69 are vague and ambiguous and, therefore, Defendants are unable to respond properly. Further answering, BankUnited was identified in the mortgage as the "Lender." Accordingly, denied.

70. Defendants state that the allegations set forth in paragraph 70 are vague and ambiguous and, therefore, Defendants are unable to respond properly. Further answering, GMAC was identified in the mortgage as the "Lender." Accordingly, denied.

71. Paragraph 71 sets forth a conclusion of law to which no response is required.

#1892725 104086/4

72. Denied.

73. Paragraph 73 sets forth a conclusion of law to which no response is required.

74. Denied.

75. Defendants state that the allegations set forth in paragraph 75 are vague and ambiguous and they are, therefore, unable to respond properly. Accordingly, denied.

76. Defendants state that the allegations set forth in paragraph 76 are vague and ambiguous and they are, therefore, unable to respond properly. Accordingly, denied.

## COUNT I

### Declaratory Judgment

77. Defendants incorporate their responses to paragraphs 1-76 herein.

78. Denied.

79. Denied.

## COUNT II

### Quieting Title

80. Defendants incorporate their responses to paragraphs 1-79 herein.

81. Defendants admit that the property at issue is located at 30 Kenyon Hill Trail, Richmond, Rhode Island. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 81. Accordingly, denied.

82. Defendants admit that Fannie Mae has the right to foreclose.

83. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83. Accordingly, denied.

84. Denied.

#1892725 104086/4

## COUNT III

## Punitive Damages

85. Defendants incorporate their responses to paragraphs 1-84 herein.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted for each of the counts contained in the Complaint.

### Second Affirmative Defense

Plaintiff lacks standing to challenge the validity of the assignment.

### Third Affirmative Defense

The court lacks subject matter jurisdiction over this case.

### Fourth Affirmative Defense

Defendants have complied in all material respects with state and federal law.

### Fifth Affirmative Defense

Plaintiff's claims against Fannie Mae are barred because Fannie Mae is a bona fide purchaser for value.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of off-set.

### Seventh Affirmative Defense

Plaintiff's claims are barred by their own conduct.

Defendants
BANK UNITED, FSB and FEDERAL
NATIONAL MORTGAGE ASSOCIATION
By their attorneys,

*/s/ Richard E. Briansky*
Richard E. Briansky, *admitted pro hac vice*
PRINCE LOBEL TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel: 617-456-8000
rbriansky@princelobel.com

Brian S. Grossman RI Bar ID 7308
ANDERSON & KREIGER LLP
One Canal Park, Suite 200
Cambridge, MA 02141
Direct: 617-621-6682
Main: 617-621-6500
Fax: 617-621-6610
bgrossman@andersonkreiger.com

Dated: April 11, 2014

### CERTIFICATE OF SERVICE

I, Richard E. Briansky, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 11, 2014.

*/s/ Richard E. Briansky*
Richard E. Briansky, Esq.
