UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MICHAEL S. FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **REQUEST FOR ORAL ARGUMENT**[1] |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:11-CV-00571-M-DLM |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., | ) |
| BANK UNITED, FSB and FEDERAL | ) |
| NATIONAL MORTGAGE | ) |
| ASSOCIATION | ) |
| Defendants. | ) |

**FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION FOR
JUDGMENT ON THE PLEADINGS**
(Memorandum of Law Incorporated)

Pursuant to Fed. R. Civ. P. 12(c), Defendant Federal National Mortgage Association ("Fannie Mae") moves for judgment on the pleadings all claims asserted in the Complaint filed by Plaintiff Michael Ford (the "Plaintiff" or "Ford").

**INTRODUCTION**

This is an action filed by the Plaintiff, a mortgagor, requesting *inter alia* that this Court declare a recorded assignment of his mortgage invalid and that Fannie Mae, the mortgagee by assignment, lacks standing to foreclose. The Plaintiff alleges that the assignment of his mortgage is invalid because only the mortgage, and not the note, was assigned, the assignment lacked consideration and was back-dated, and the signatory lacked authority to execute the assignment. As a result, the Plaintiff claims that the mortgage was not validly transferred to Fannie Mae. The Plaintiff also alleges that the notice of acceleration was not sent by the "Lender" identified in the mortgage, the note is not in default, and Fannie Mae does not hold the note.

---

[1] Defendant anticipates oral argument to last no longer than one hour.

This Court has, however, rejected the theories upon which the Plaintiff rests his claims and in recent decisions, <u>Clark v. Mortg. Elec. Reg. Sys., Inc.</u>, No. 1:12-cv-00802 (D.R.I. Mar. 27, 2014) (McDonnell, J.) and <u>Era v. Morton Community Bank</u>, No. 11-cv-00455 (D.R.I. Mar. 28, 2014) (McDonnell, J.), has dismissed nearly identical claims. For the reasons set forth in those decisions, the claims asserted by the Plaintiff likewise fail as a matter of law and should be dismissed.

## FACTS AS ALLEGED

In February 2008, the Plaintiff received a loan from BankUnited in the amount of $202,500 (the "Loan"), which was memorialized by a promissory note(the "Note") and secured by a mortgage (the "Mortgage") on property located at 30 Kenyon Hill Road, Wyoming, Rhode Island (the "Property"). *Complaint*, ¶¶ 2-3, 8; *Note*, copy of which is attached hereto as **Exhibit A**; *Mortgage*, a copy of which is attached to hereto as **Exhibit B**. The Mortgage identified Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee and nominee for the "Lender [(i.e., BankUnited)] and Lender's successors and assigns." *Mortgage*, at 1. The Mortgage provides:

> [B]orrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the [Property] . . . .
>
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.

*Mortgage*, at 3.

On May 13, 2011, MERS, through its Assistant Secretary, Robin Bryant ("Bryant"), assigned the Mortgage to Fannie Mae. *Complaint ¶ 10; Assignment*, a copy of which is attached hereto as **Exhibit C**. The Assignment provided:

> **FOR VALUE RECEIVED,** [MERS] as nominee for BankUnited. . ., its successors and assigns . . . hereby assignments and transfers to [Fannie Mae], its successors and assigns, . . . all its rights, title and interest in and to [the] Mortgage . . . .

*Id.* (emphasis in original). The "effective date" of the Assignment is April 1, 2009. *Id.*

On November 22, 2011, the Plaintiff filed this lawsuit alleging:

- MERS could not hold the mortgage as a matter of law (*Complaint*, ¶¶ 27, 68);
- MERS could not assign the mortgage without also assigning the note (*Id.* at ¶ 21);
- The assignment lacked consideration (*Id.* at ¶ 29);
- The assignment was backdated (*Id.* at ¶ 25);
- Bryant "had no authority to assign" the Mortgage (*Id.* at ¶ 10);
- Only the "Lender" identified in the mortgage (i.e., BankUnited) could foreclose and, therefore, Fannie Mae cannot notice and conduct the foreclosure (*Id.* at ¶¶ 33-46);
- "The note is current or has been satisfied by another third party" (*Id.* at ¶ 55); and
- Fannie Mae does not hold the Note (*Id.* at ¶ 62.)

The Plaintiff requests that the Court declare the Assignment invalid, the foreclosure void, and that he owns the Property.

## ARGUMENT

### I. THE PLAINTIFF'S CLAIM THAT THE ASSIGNMENT IS INVALID FAILS AS A MATTER OF LAW.

The Plaintiff asserts a variety of arguments challenging the validity of the assignment. None of these arguments have merit.

***MERS Can Not Hold a Mortgage Under Rhode Island Law.*** The Plaintiff alleges that MERS could not hold the mortgage as a matter of law and thus, it had no interest to assign to Fannie Mae. *Complaint*, ¶¶ 27, 68. The Rhode Island Supreme Court has, however, plainly held that if MERS is identified in the mortgage as the mortgagee, it can be a mortgagee under Rhode Island law and exercise the rights thereunder. Bucci v. Lehman Bros. Bank, 68 A.3d 1069, 1081 (R.I. 2013) ("The plaintiffs explicitly granted the statutory power of sale and the right to foreclose to MERS, and consequently, MERS has the contractual authority to exercise that right."); id. (affirming trial court's decision that "MERS is the mortgagee because the Mortgage executed by [plaintiffs] so states," and "[t]he fact that MERS acts in a nominee capacity for the lender and the lender's successors and assigns does not diminish MERS's role as mortgagee[,] . . ."). Here, MERS was identified as the mortgagee in the Mortgage, and therefore had the ability to exercise its rights under the Mortgage. *Mortgage*, at 1.

***MERS Must Hold the Note to Assign the Mortgage.*** The Plaintiff also challenges MERS' authority to assign the Mortgage on the ground that it was not also the holder of the Note. *Complaint*, ¶ 21. Whether MERS held the note is irrelevant to whether the Assignment was valid. As a matter of law, it is not necessary that MERS hold the Note to assign the Mortgage. See e.g., Clark, slip op. at 14-15; Era, slip. op. at 7-8; Bucci 68 A.3d at 1086-1088; Mruk v. Mortg. Elec. Reg. Sys., Inc. 82 A.3d 527,537 (R.I. 2013) (rejecting similar argument that MERS could not have transferred legal title to its assignee because it was not also the holder of the note). Likewise, the assignment of a mortgage without a corresponding assignment of the note does not "separate" the note and mortgage. See Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282, 292 (1st Cir. 2013) (explaining that where the note and mortgage are separated, the mortgagee retains and may transfer its bare legal interest in the underlying mortgage); Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 355 (1st Cir. 2013) (holding that "MERS's status as an equitable trustee does not circumscribe the transferability of its legal

interest" and "MERS, as the mortgagee of record, possessed the ability to assign [the] mortgage."). As this Court recognized in Clark, the Plaintiff's "argument appears to be a rehash of others that have been made against the MERS system that have been uniformly rejected by the Rhode Island Supreme Court and the First Circuit." Clark, slip op. at 14 (collecting cases). In any event, as discussed below the Plaintiff lacks standing to raise this argument. See id. (the argument that "the assignment is void because MERS was not the mortgagee and holder of the promissory note is rejected and does not provide a basis for finding standing in this case").

*Lack of Authority from MERS.* The Plaintiff's unsupported assertion that Bryant "had no authority to assign," *Complaint,* ¶ 10, is insufficient to state a claim. See Phillips v. Wells Fargo Bank N.A., No. 09-CV-1486-H (BLM), 2009 WL 3756698, at *4 (S.D. Cal. Nov. 6, 2009) (Huff, J.) (unsupported allegation that signatory on assignment instrument "was not and is not a Vice President of MERS" was insufficient for plaintiff to maintain a claim based on invalidity of assignment); Tesi v. ReconTrust, N.A., 12-00621-TUC-JGZ, 2013 WL 2635613, at *4 (D. Ariz. June 12, 2013) (plaintiff's allegations that individuals who made assignments on behalf of MERS were not officers of MERS and had no authority to execute assignments insufficient to state a claim where plaintiff provided "absolutely no factual or legal basis for her allegations"); Albritton v. Tiffany And Bosco, P.A., No. 12-924-TUC-HCE, 2013 WL 3153848 (D. Ariz. June 19, 2013) (plaintiff's conclusory allegation that signatory was without authority to act on behalf on behalf of MERS because he may have also been a vice president of another company failed to state a claim); Bergdale v. Countrywide Bank FSB, No. 2012 WL 4120482, at *5 (D. Ariz. Sept. 18, 2012) (rejecting claim that individual did not have authority to sign as Assistant Secretary of MERS where such claim had no legal support and the plaintiff "pleads no fact that suggests that [the individual named] was not an Assistant Secretary of MERS"). The Plaintiff provides "absolutely no factual or legal basis" for his allegations that Bryant was not an Assistant Secretary of MERS or "had no authority to assign." See Tesi, 2013 WL 2635613, at *4. To

survive dismissal, "[t]he facts alleged must be sufficient to nudge the claims 'across the line from conceivable to plausible.'" Solis v. City of Fresno, No. 1:11-CV-00053 AWI GSA, 2012 WL 868681, at *8 (E.D. Cal. Mar. 13, 2012) (Ishi, J.). The Plaintiff's conclusory allegations do not cross this threshold and should be dismissed.

Further, the Plaintiff lacks standing to raise a challenge to the validity of the Assignment. While "a mortgagor has standing to challenge a mortgage assignment as invalid, ineffective or void (if, say, the assignor had nothing to assign or had no authority to make an assignment to a particular assignee)," Culhane, 708 F.3d at 291; see also Clark, slip. op. at 7, "a mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title." Id., see also Clark, slip. op. at 7; Era, slip op. at 5.

The Plaintiff does not claim that MERS never possessed a legally transferrable interest in the Mortgage, rendering any attempted assignments void. Rather, he claims that the individual who signed the assignment *on behalf of MERS* was not authorized to execute it. Such a challenge, if successful, would render the assignment voidable, not void. Clark, slip op. at 12-13. Rhode Island has recognized that a contract executed by a person without authority or capacity to do so, or who committed fraud in the execution of the contract is voidable. Clark, at slip. op. 9 (citing cases); see also Bowen v. Johnson, 24 A. 830 (R.I. 1892) (appeal bond executed in principal's name but without his authority held voidable, not void); Boston & P.R. Corp. v. New York & N.E.R. Co., 13 R.I. 260, 261, 271 (1881) (contract to sell or lease a railroad by parties that "had no authority" to sell or lease the railroad was voidable); Duncan Shaw Corp. v. Standard Mach. Co., 196 F.2d 147, 152-154 (1st Cir. 1952) (holding that contract executed on behalf of corporation without shareholder authority was not void, but merely

voidable) (applying Rhode Island law).² Rhode Island courts have also held that an unauthorized contract is enforceable if the principal (or corporation) expressly or impliedly sanctions or ratifies the contract. Id.; see also Boston & P.R. Corp., 13 R.I. at 265; Wilson, 2014 WL 563457, at *6 ("while the party injured by a voidable contract has the option of avoiding its obligations, it may choose instead to ratify the agreement and hold the other party to it.").

As in Clark, the Plaintiff "has no standing to seek redress for an assignment allegedly made without authority because [Bryant's] act of signing the assignment, if outside of [her] authority, is merely voidable and would be actionable by MERS, not by [the Plaintiff]." Clark, at slip. op. at 13; see also Boston & P.R. Corp., 13 R.I. at 261, 265, 271; Hammond, 4 R.I. 65; O'Rourke, 50 A. at 835; Reinagel v. Deutsche Bank Nat'l Trust Co., 735 F.3d 220, 22-27 (5th Cir. 2013) (plaintiff could not challenge assignment on grounds that signatory was unauthorized agent because even if true, the assignment would not be void, but merely voidable at the election of the defrauded principal (i.e., the assignor)). Moreover, the Assignment is enforceable because MERS has not challenged its validity and by maintaining that the Assignment is enforceable, has sanctioned or ratified Bryant's act. See Boston & P.R. Corp., 13 R.I. at 265; Bowen, 24 A. at 831. Thus, this claim fails.

*Lack of Consideration.* The Plaintiff alleges that the Assignment is invalid because there was no consideration given for the Assignment. *Complaint*, ¶ 29. First, this is a conclusory, "naked assertion" without "factual enhancement," based on nothing more than sheer speculation. Twombly, 550 U.S. at 555, 557, 562, As a result, it is insufficient to support a claim that the Assignment is invalid. See Kiah v. Aurora Loan Servs., LLC, No. 10-40161, 2011 WL 841282, at *6 (D. Mass. Mar. 4, 2011) (Saylor, J.) (court held allegations insufficient to survive a

---

² See also Hammond v. Stanton, 4 R.I. 65 (1856) (fraudulent conveyance of real property is voidable); O'Rourke v. John Hancock Mut. Life Ins. Co., 50 A. 834, 835 (R.I. 1902) ("It is an elementary rule that infants are incapable of making contracts, except for necessaries. Such contracts are voidable, but not void.").

motion to dismiss where plaintiff contended the assignment was without consideration and void without any specific facts to support it and because it was "difficult to see" how plaintiff had suffered any compensable injury).[3] Moreover, this allegation is expressly contradicted by the Assignment itself which states that it was given by MERS to Fannie Mae "**FOR VALUE RECEIVED**." *Assignment* (emphasis in original); see also Phillips v. Potter, 7 R.I. 289 (1862) (party estopped by claiming want of consideration where consideration is recited in instrument).

Finally, even if the Assignment lacked consideration, this would merely render the Assignment voidable by MERS. See United States v. Currency Totalling $48,318.08, 609 F.2d 210, 213 (5th Cir. 1980) ("The general rule is that an assignment is not ineffective because it is voidable by the assignor for lack of consideration.") (citing Restatement of Contracts § 150(2) (1932)); Reeves v. ReconTrust Co., N.A., 846 F. Supp. 2d 1149, 1164 (D. Or. 2012) (holding that failure of consideration in assignment of mortgage may be a defense available to assignor but was not a basis for mortgagors to void the transfer of the mortgage); In re Marker, 142 B.R. 734, 741 (Bankr. W.D. Pa. 1992) ("Lack of consideration need not render an assignment invalid"). Thus, the Plaintiff lacks standing to raise this challenge.

***The Assignment is Backdated.*** The Plaintiff further claims that the Assignment is void under R.I.G.L. § 34-11-1 because it is "backdated." *Complaint*, ¶¶ 24-26. R.I. Gen. Laws § 34-11-1 provides, in pertinent part:

> Every conveyance of lands, tenements or hereditament absolutely, by way of mortgage, or on condition, use or trust, for any term longer than one year, and all declarations of trusts concerning the conveyance, shall be void unless made in writing duly signed, acknowledged as hereinafter provided, delivered, and recorded in the records of land evidence in the town or city where the lands, tenements or hereditaments are situated.

---

[3] See also McLaughlin v. Chase Home Fin., LLC, 519 F. App'x 904, 907 (6th Cir. 2013) ("MERS was 'the owner,' and the Mortgage was properly supported by consideration, because MERS's 'contractual obligations as mortgagee were dependent upon whether the mortgagor met the obligation to pay the indebtedness which the mortgage secured.'").

There is nothing in the statute that indicates that an assignment or mortgage is invalid it its effective date pre-dates the signature date.

Moreover, even if the Assignment could not be "backdated," as a matter of law, the Assignment would nevertheless be effective as of the date it was signed (i.e., May 13, 2011). In a similar case, Kiah v. Aurora Bank Services LLC, No. 10-40161-FDS, 2010 WL 4781849 (D. Mass. Nov. 16, 2010) (Saylor, J.), the United States District Court of the District of Massachusetts considered whether an assignment of a mortgage with a date of assignment of January 6, 2010, but an effective date of June 6, 2007 was invalid because it was backdated. The Court held that the assignment was not invalid, stating:

> [E]ven if the Court assumes the assignment occurred in January 2010 instead of June 2007, plaintiff's claim still fails. Massachusetts law requires only that the assignment of mortgage be executed and recorded prior to the publication of the notice of sale. See U.S. Bank Nat. Ass'n v. Ibanez, 2009 WL 795201, at *5-9 (Mass. Land Ct. 2009) (noting that Massachusetts requires a foreclosing party have a valid assignment of mortgage at the time of notice and sale, but does *not* require assignment to be "of record" at that time) (citing Bottomly v. Kabachnik, 13 Mass. App. Ct. 480, 483-84, 434 N.E.2d 667 (Mass. App. Ct. 1982)). The backdating thus has no legal effect, at least in this context.

Id. at *5.

Similarly here, in this case, the mere fact that the Assignment is "backdated" does not invalidate it. At a minimum, Fannie Mae held the Mortgage no later than May 13, 2011 (the date it was executed) and has the present right to exercise the statutory power of sale and foreclose.

## II. THE PLAINTIFF'S OTHER CLAIMS THAT FANNIE MAE CANNOT FORECLOSE FAIL.

The Plaintiffs claim that even if the Assignment were valid, the foreclosure is nevertheless void for several reasons that lack merit.

***Only the "Lender" Can Foreclose.*** The Plaintiff claims that the language of the

Mortgage does not authorize Fannie Mae to exercise the power of sale and thus, Fannie Mae cannot notice and conduct a foreclosure. *Complaint*, ¶¶ 28-41.  Specifically, he appears to contend that paragraph twenty-two of the Mortgage, which states that the "Lender" "may" invoke the statutory power of sale permits only the "Lender" (as defined in the Mortgage, BankUnited) to invoke this power.  Courts (including this court) have, however, held that this permissive language in paragraph twenty two does not deprive an assignee of the mortgage the right to exercise the power specifically granted to its assignor, MERS, where, as here, the mortgage explicitly grants the statutory power of sale to MERS, as nominee for Lender and Lender's "successors and assigns."  See e.g., Clark, slip op. at 17 ("The Rhode Island Supreme Court [has] squarely rejected this argument because the mortgage granted the power of sale to MERS and to [its assignee] as MERS's successor and assign"); Era, slip. op. at 9; Bucci v. Lehman Bros. Bank, No. PC-2009-3888, 2009 WL 3328373, slip op. at 7 (R.I. Super. Ct. Aug. 25, 2010) (Silverstein, J.) ("MERS's right to exercise the Statutory Power of Sale does not depend upon paragraph twenty-two at all – rather, this right exists independently as a direct grant to MERS."), aff'd 68 A.3d 1069 (R.I. 2013);  Mruk, 82 A.3d at 537; Porter v. First NLC Financial Servs., LLC, No. PC 10-2526, 2011 WL 1251246 (R.I. Super. Ct. Mar. 31, 2011) (Rubine, J.) (accord).  Indeed, Rhode Island's Statutory Power of Sale, R.I. Gen. Laws § 34-11-22, expressly permits a "mortgagee or his, her or its executors, administrators, *successors or assigns*" to exercise the statutory power of sale and foreclose after default.  This is consistent with "[m]odern contract law [which] recognizes the general principle that contract rights are 'freely assignable' . . . ." 9-49 Arthur L. Corbin et al., CORBIN ON CONTRACTS § 49.1 (2010). Under the express terms of the Mortgage, Fannie Mae has the right to invoke the statutory power of sale and foreclose.

Moreover, other than simply quoting from paragraph 22 of the Mortgage, the Plaintiff fails to identify "what Defendants did or did not do in notifying [him]." Era, slip op. at 9.  The

Plaintiff makes no allegation whatsoever that Fannie Mae failed to comply with paragraph 22. Id.; see also Clark, slip op. at 16. As a result, this allegation fails to satisfy the pleading standard and cannot form the basis of his claims. See id. at 9-10; see also Clark, slip op. at 16.

*The Note is Not in Default.* The Plaintiff's conclusory allegation that "the note is current or has been satisfied by another third party," *Complaint*, ¶ 50, is unsupported by any facts. See Clark, slip op. at 17 (dismissing claim holding that plaintiff "has failed to plead a single factual allegation that would allow this Court to determine if his assertion on this point is at all plausible. It is a bald assertion if ever there was one and this Court cannot credit it without more information regarding any alleged payments."); Era, slip op. at 10. Indeed, the Complaint lacks any facts to support such a claim, such as that the Plaintiff timely made his payments. See id. at 13-14; Era, slip op. at 10. As a result, it should be dismissed.

*Fannie Mae Does Not Hold The Note.* Likewise, the Plaintiff's conclusory allegation that Fannie Mae does not hold the Note is insufficient to state a claim that it lacks standing to foreclose. This is merely a "naked assertion" without "factual enhancement[s]." Twombly, 550 U.S. at 555, 557, 562. Indeed, if this unsupported assertion were sufficient to survive a Rule 12(b)(6) motion, any person facing foreclosure could simply file a complaint alleging, without any factual basis, that the foreclosing entity did not hold the Note (or was not an agent for the Note holder) to effectively transform a non-judicial foreclosure, into a judicial one. This is not permissible under the Federal Rules of Civil Procedure and surely was not contemplated by the Legislature, which specifically enacted a non-judicial foreclosure process. Moreover, there is nothing in Rhode Island law that requires a mortgagee to establish before a foreclosure that is the note holder or an agent of the note holder.

*The Note and Mortgage Are Void.* The Plaintiff's allegations that the note and mortgage are void due to fraud fail to satisfy the heightened pleading standard. Allegations of "fraud . . . [and] the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P.

9(b); see also North Am. Catholic Ed. Programming Foundation, Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009). To satisfy this heighted pleading requirement, a plaintiff must provide specifics regarding who made the fraudulent representation, when it was made, and where it was made. See Rodi v. Southern New England School of Law, 389 F.3d 5, 15 (1st Cir. 2004). General or conclusory allegations of fraud are insufficient and do not satisfy Rule 9(b)'s heightened pleading standard; nor do allegations that are based upon speculation suffice. See Lefkowitz v. Smith Barney, Harris Upham & Co., Inc., 804 F.2d 154, 156 (1st Cir. 1986); Kiah, 2011 WL 841282, at *1.

Here, Plaintiff's sole allegations concerning fraud are that "[t]he mortgage is void due to fraud," *Complaint*, ¶ 59, and "[t]he note is void due to fraud." *Id*. at ¶ 62. These allegations concerning "fraud" are not stated with anything close to particularity and, thus, fail to satisfy Rule 9's heightened pleading standard. See Era, slip op. at 11; Clark, slip op. at 18. These allegations cannot, therefore, support the Plaintiff's request for relief.

## III. THE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES FAILS WITH THE UNDERLYING CLAIMS.

Since the Plaintiff's underlying claims fail, his claim for punitive damages must also be dismissed. See Era, slip op. at 12; Clark, slip op. at 19.

## CONCLUSION

For the above reasons, Fannie Mae requests that the Court grant judgment in its favor on all claims asserted against.

Defendant

FEDERAL NATIONAL MORTGAGE
ASSOCIATION
By its attorneys,


/s/ *Richard E. Briansky*
Richard E. Briansky, *pro hac vice admission*
rbriansky@princelobel.com
PRINCE LOBEL TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel: 617-456-8000

Brian S. Grossman, Esq. RI Bar ID 7308
ANDERSON & KREIGER LLP
One Canal Park, Suite 200
Cambridge, MA 02141
Direct: 617-621-6682
Fax: 617-621-6610
bgrossman@andersonkreiger.com


Dated: April 22, 2014

## CERTIFICATE OF SERVICE

    I, Richard E. Briansky, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 22, 2014.

                                     */s/ Richard E. Briansky*
                                     Richard E. Briansky, Esq.