UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 11-571-M-LDA |
| ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court has reviewed the Complaint (ECF No. 1) and Defendants' Motions to Dismiss. (ECF Nos. 12 and 13.) The Complaint in this case is very similar if not identical in all relevant factual and legal respects to the complaints filed in *Clark v. Mortg. Elec. Registration Sys., Inc.*, C.A. No. 12-802, — F.Supp.2d —, 2014 WL 1259954 (D.R.I. March 27, 2014) and *Era v. Morton Cmty Bank*, C.A. No. 11–455–M, — F.Supp.2d —, 2014 WL 1265699 (D.R.I. Mar. 28, 2014). *Clark* and *Era* were exemplar cases, chosen by the parties to establish precedent on legal issues common to a majority of the mortgage foreclosure cases.

The specific and relevant facts of this case as alleged in the Complaint are as follows: Plaintiff executed a mortgage with MERS as nominee for the Lender, Bank United and on May 12, 2011, MERS assigned the mortgage to Fannie Mae.

In the Complaint, Plaintiff alleges, among other things, that the assignment was void because there was no recorded power of attorney; MERS did not have the note and mortgage so the assignment was void; Fannie Mae did not have note and mortgage so the foreclosure was

illegal; only the lender could invoke the statutory power of sale; only the lender could publish notice of sale as required in mortgage ¶ 22; and the note is current or has been satisfied.

Based on the First Circuit Court of Appeals decisions in *Wilson v. HSBC Mortg. Serv.*, 744 F.3d 1 (1st Cir. 2014) and *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282 (1st Cir. 2013) and the Rhode Island Supreme Court's decisions in *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069 (R.I. 2013) and *Mruk v. Mortg. Elec. Registration Sys., Inc.*, 82 A.3d 527 (R.I. 2013), this Court held in *Clark* and *Era* that the challenges have no legal basis and that the Plaintiff lacks standing because the allegations are merely that the assignments are voidable as opposed to void. Moreover, the RI Supreme Court has recently reaffirmed this position in *Moura v. Mortg. Elec. Registration Sys., Inc.*, 2014 WL 1998742 (R.I. May 16, 2014).

Therefore, Defendants' Motions to Dismiss (ECF No. 12 and 13) are GRANTED. The case is dismissed as to all Defendants and all claims.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge

June 9, 2014