UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL S. FORD,         Plaintiff, <br><br> v. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BANK UNITED, FSB and FEDERAL NATIONAL MORTGAGE ASSOCIATION         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:11-CV-00571-M-LDA |

**FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION FOR DISBURSEMENT OF USE AND OCCUPANCY PAYMENTS**
(Memorandum of Law Incorporated)

Defendant Federal National Mortgage Association ("Fannie Mae") moves this Court to disburse use and occupancy funds held in escrow by the Special Master to Fannie Mae. As a condition to participation in the Court's mediation program, the Special Master required plaintiffs, including Plaintiff Michael Ford ("Plaintiff" or "Ford"), to make monthly use and occupancy payments, which were held in escrow. The purpose of these payments was to compensate mortgage holders, like Fannie Mae, for the plaintiffs' use and occupation of the mortgage properties and payment of real estate taxes (as well as other property-related expenses) while the parties participated in mediation and the mortgage holders were prohibited from foreclosing. In this case, the parties were unable to settle the litigation and the Court dismissed Ford's claims. As a result, the escrowed use and occupancy payments should be paid to Fannie Mae. As additional reasons therefor, Fannie Mae avers and states as follows:

1.    In February 2008, the Plaintiff signed a note in the principal amount of $202,500 payable to BankUnited FSB and a mortgage (the "Mortgage") granting Mortgage Electronic Registration Systems, Inc. ("MERS") a security interest in property located at 30 Kenyon Hill Road, Wyoming, Rhode Island (the "Property").

2.    The Plaintiff subsequently defaulted on his mortgage loan by failing to make timely monthly payments.

3.    In anticipation of foreclosure, on May 13, 2011, MERS assigned the Mortgage to Fannie Mae.

4.    Fannie Mae subsequently commenced foreclosure proceedings and in November 22, 2011, the Plaintiff filed this lawsuit seeking to prevent the foreclosure. *Dk. No.* 1.

5.    On November 23, 2011, the Court issued an order staying the litigation, preventing Fannie Mae from foreclosing, appointing a Special Master, and requiring the parties to participate in a mediation program. *Dk. Nos.* 2, 4.

6.    By Memorandum dated February 13, 2012, the Special Master required plaintiffs to make a monthly use and occupancy payment "equal to 50% of the monthly payment amount of their (disputed) defaulted mortgage" (the "U&O"). *Memorandum* at 3. The Special Master explained that U&O was required as a matter of fundamental fairness to defendants, as plaintiffs had not made mortgage loan payments for lengthy periods of time:

> ***From the mortgage holder or foreclosed property owners' standpoint, it is only fair that they begin receiving payments***. From the borrowers' standpoint, having gone through months if not years of either not making mortgage payments or not paying for taxes or insurance or both, it is particularly important that they begin to establish a payment history.

*Id.* (emphasis added).

7.    As a result, the Plaintiff was required to pay $480 per month in U&O.

#19240481 104086/4                                   2

8. The Court approved the Special Master's imposition of U&O fees and similarly concluded that such payments are designed to compensate the defendants. For example, the Court has stated that the Special Master "has billed the Plaintiffs who were currently paying to live in the disputed properties Use and Occupancy Fees (U&O Fees), collecting monies *for the Defendant lenders* for the first time in years, in most cases." *Order Approving Disposition Recommendation* (Dec. 26, 2012) (emphasis added).

9. Indeed, in denying the defendants' Motion for Stay Pending Appeal of the Court's order staying litigation and preventing foreclosures, the Court concluded that the defendants would not be irreparably harmed because "[t]he Special Master has instituted [U&O] and *Defendants will realize these payments at the end of the settlement process*." *In re Mortgage Foreclosure Cases*, 2012 WL 3011760, at *7 (D.R.I. July 23, 2012) (McConnell, J.) (emphasis added).

10. On February 28, 2014, this Court issued an order removing this case from the Special Master's docket.

11. On April 22, 2014, Fannie Mae filed a Motion for Judgment on the Pleadings (the "Motion"). *Dk. No.* 13. The Plaintiff did not file an opposition.

12. On June 9, 2014, this Court held oral argument on the Motion. On June 10, 2014, this Court entered an order granting the Motion. *Dk. No.* 17.

13. The escrowed U&O fees should be disbursed to Fannie Mae. During the course of this litigation, the Plaintiff has paid $7,680 in U&O, which is currently being held in escrow by the Special Master. The Plaintiff has not made a payment on his mortgage loan since January 28, 2011. During this time, Fannie Mae has incurred the financial costs associated with property ownership (i.e., paying property taxes, etc.) even though it was prohibited by this Court from taking any action to foreclose the Mortgage and was not receiving payments. The purpose of the U&O payments was to compensate mortgage holders for the plaintiffs' use and occupation of the

mortgage properties and payment of real estate taxes (as well as other property-related expenses) while the parties participated in mediation.  As a result, Fannie Mae entitled to the funds.

## CONCLUSION

For the above reasons, Fannie Mae requests that the Court issue an order that the Special Master disburse all use and occupancy payments held in escrow to Fannie Mae.

<div style="padding-left:50%">

Defendant
FEDERAL NATIONAL MORTGAGE ASSOCIATION
By its attorneys,


/s/ *Amy B. Hackett*
Richard E. Briansky, *pro hac vice admission*
rbriansky@princelobel.com
Amy B. Hackett, *pro hac vice admission*
ahackett@princelobel.com
PRINCE LOBEL TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel:  617-456-8000

Brian S. Grossman, Esq. RI Bar ID 7308
ANDERSON & KREIGER LLP
One Canal Park, Suite 200
Cambridge, MA  02141
Direct:  617-621-6682
Fax:  617-621-6610
bgrossman@andersonkreiger.com

</div>

Dated:  June 23, 2014

## CERTIFICATE OF SERVICE

I, Amy B. Hackett, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non -registered participants on June 23, 2014.

/s/ *Amy B. Hackett*
Amy B. Hackett, Esq.